UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CAROLINA CASUALTY INSURANCE COMPANY,

                Plaintiff,

        - - against - -                    Complaint

THE NEW YORK CITY SCHOOL CONSTRUCTION
AUTHORITY,

                Defendant.
------------------------------------------------------------------------X

For its complaint against the above-named defendant, plaintiff, Carolina Casualty Insurance Company, avers the following.

### Jurisdiction and Venue

1. This court has jurisdiction over the subject matter of this case under 28 U.S. Code §1332, on the basis of diversity of citizenship and amount in controversy. The plaintiff is an Iowa corporation, with its home office in Florida. The defendant is a New York corporation, with its offices in New York. The amount in controversy exceeds the sum of seventy-five thousand ($75,000)dollars, exclusive of interest and costs.

2. Venue is proper in this district under 28 U.S. Code §1391. The defendant, a corporate entity, is deemed to reside in this judicial district. All or substantially all of the transactions and occurrences giving rise to this claim occurred within this judicial district.

## Parties

3. The plaintiff, Carolina Casualty Insurance Company (hereinafter "Carolina") is a corporation incorporated under the laws of the state of Iowa. Carolina is an insurance company. It is, and at all relevant times was, duly authorized by the New York State Insurance Department to operate in New York. In particular, Carolina was authorized to act as a surety on surety bonds issued in connection with public-works contracts in New York.

4. The defendant, the New York School Construction Authority ("S.C.A.") is established under the laws of the state of New York, as a "public benefit corporation". The S.C.A. has the capacity to sue and be sued. And, among other powers, the S.C.A. has the power to enter into contracts for rehabilitating and repairing public school buildings within the City of New York.

## The Claim

5. For certain work at a school building in the Bronx known as I.S. 135, the S.C.A. previously entered into a contract (S.C.A. contract no. C000007907) with a contractor named R.K. Associates of NYC, Inc. (hereinafter "R.K.")

6. In connection with the said I.S. 135 contract, plaintiff Carolina was R.K.'s surety on payment and performance bonds required by the S.C.A..

7. R.K. began work but did not complete the I.S. 135 contract.

8. The S.C.A. declared R.K. in default, and called upon R.K.'s surety, Carolina, to step in and complete the contract.

9. In response, Carolina did step in: Carolina hired another contractor, who then completed items of work left un-done by R.K., and who also corrected items of work the S.C.A. said were unsatisfactory.

10. Carolina saw to it that the completing contractor was paid for the work it did.

11. Carolina also paid for materials and labor that went into the work at I.S. 135.

12. As a result, certain sums became due, owing and payable from the S.C.A. to Carolina.

13. The final amount earned but unpaid was not less than the sum of $424,435, as computed by Carolina.

14. Nevertheless, an accord was reached whereby S.C.A. personnel authorized a payment of the lesser sum of $407,043.52, which Carolina agreed to accept in full settlement, provided it was paid promptly.

15. Carolina thereafter submitted a written application for payment, or invoice, in form and content as prescribed by S.C.A. personnel.

16. The invoice was submitted on or about March 22, 2007.

17. The S.C.A. has never notified Carolina of any claimed deficiencies in the invoice or any of its associated paperwork.

18. There is no good reason why the S.C.A. has not made payment.

19. S.C.A. personnel should know, and in fact do know, that there is no legitimate reason why payment has not been made.

20. Nevertheless, no part of the aforesaid sums has been paid.

21. Before commencing this action, Carolina presented a formal, verified notice of claim to the board of trustees of the S.C.A. for the claim which is made in this action.

22. Carolina did so without conceding that any such notice of claim was or could be legally and constitutionally required, and so stated within the written notice of claim.

23. Carolina's notice of claim was presented on or about May 24, 2007. More than 30 days have elapsed since then. Still, no payment has been received.

24. By reason of all of the foregoing, Carolina is currently entitled to judgment for $424,435, plus interest from April 22, 2007, plus the costs and disbursements of this action, plus counsel fees.

## Request for Judgment

Wherefore, plaintiff Carolina respectfully requests judgment as aforesaid and for such further and different relief as may be just and equitable.

Dated: New York, NY
November 20, 2007

                                      ZICHELLO & McINTYRE, LLP
                                      Attorneys for Carolina Casualty
                                        Insurance Company


By: _____
              Vincent J. Zichello (VZ-3487)
              Office & P.O. Address
              420 Lexington Avenue
              New York, New York 10170
              Tel. 212-972-5560

Index No.:

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Claim of

CAROLINA CASUALTY INSURANCE COMPANY,

- - against - -

THE NEW YORK CITY SCHOOL
CONSTRUCTION AUTHORITY.

**Complaint**

ZICHELLO & McINTYRE, LLP

*Attorneys for*

Carolina Casualty Insurance Company

420 LEXINGTON AVENUE
NEW YORK, N.Y. 10170
TELEPHONE (212) 972-5560